[No. 21475-6-I.   Division One.   April 10, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. GARRETT WADE LINDERMAN, *Appellant.*

*Julie A. Kesler* and *Dennis Benjamin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally F. Stanfield* and *Peter Goldman, Deputies,* for respondent.

PEKELIS, J.—Garrett Linderman appeals from the sentence imposed upon his conviction for first degree robbery. He argues that the trial court abused its discretion in ordering his sentence to run consecutively to a sentence from another jurisdiction.

Linderman was charged with one count of first degree robbery. He pleaded guilty in exchange for a recommendation by the State that his sentence run concurrently with two previously imposed sentences from other jurisdictions.

He had recently been convicted of two separate counts of first degree robbery. He was sentenced to 41 months in Pierce County for one robbery and to 126 months in Kitsap County for the other. The Pierce County sentence was to run consecutively to the Kitsap County sentence.

In sentencing Linderman, the trial court disregarded the recommendations of the State and imposed a sentence of 126 months[1] to run consecutively to the Pierce and Kitsap County sentences. The trial court reasoned:

> This Court is in disagreement that because a person commits a bunch of different crimes that they should get a concurrent sentence. That means that a person who commits ten crimes gets punished just as much as a person who commits one crime.
>
> In this particular case I do not intend to give a concurrent sentence unless it were mandated by statute.

Linderman contends that the trial court violated RCW 9.94A.400(3) by ordering his sentence to run consecutively to the other sentences. He argues that the trial court's sentence is in effect an exceptional sentence and that the trial court's reason for ordering the sentence is insufficient. Linderman's arguments are without merit.

---

[1]Neither party disputes that this sentence was within the standard range.

RCW 9.94A.400(3) reads:

Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

██ Under RCW 9.94A.400(3), the trial court is granted total discretion to choose whether to impose a consecutive sentence. It requires *only* that the judge "expressly orders that they be served consecutively." *See State v. Huntley*, 45 Wn. App. 658, 726 P.2d 1254 (1986). Neither the statute nor the official comments thereto require that the trial judge specify any reason whatsoever behind such a decision, let alone that the reasoning conform to any particular policy.

Case law cited by Linderman requiring the trial court to justify the imposition of a sentence applies only to situations where an exceptional sentence is imposed. The statute makes clear that a determination made under subsection (3) is not an imposition of an exceptional sentence. RCW 9.94A.120(14)[2] states: "A departure from the standards in RCW 9.94A.400(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence". Subsection (3) is not included. The Sentencing Guidelines Commission comment to RCW 9.94A.400 is consistent:

Unless the offenses fall under the exceptions listed in subsection (1) (b) or subsection (3), consecutive sentences imposed for current offenses constitute exceptional sentences and must comply with the exceptional sentence provisions of the Act.

---

[2]This identical provision was in force and numbered RCW 9.94A.120(13) at the date of Linderman's sentencing.

Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* § 9.94A.400 comment (1986).

■ Since the language of the statute is clear, it should be accorded its plain meaning. *People's Org. for Wash. Energy Resources v. Utilities & Transp. Comm'n,* 104 Wn.2d 798, 825, 711 P.2d 319 (1985); *In re S.B.R.,* 43 Wn. App. 622, 626, 719 P.2d 154, *review denied,* 108 Wn.2d 1009 (1986).

Affirmed.

WEBSTER and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1004 (1989).