[No. 9497-9-III.   Division Three.   October 24, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. PHILLIP
MICHAEL KERN, *Appellant*.

*John Knodell*, for appellant (appointed counsel for
appeal).

*Paul Klasen, Prosecuting Attorney*, and *Mary Ann
Brady, Deputy*, for respondent.

MUNSON, J.—On February 3, 1988, Phillip Kern entered
a Moses Lake building and stole several objects. On July
22, he entered a plea of guilty to burglary in the second
degree in Grant County. The standard sentencing range

was 22 to 29 months.[1] The court imposed the top of the range and ordered the sentence to run consecutively with an unrelated May 17 Benton County sentence of 40 months for first degree burglary. Mr. Kern appeals that portion of the order mandating a consecutive sentence.

The sole issue is whether the court committed error by failing to set forth substantial and compelling reasons when it ordered the current Grant County sentence to run consecutively to a Benton County sentence.

Former RCW 9.94A.400 provided in relevant part:[2]

> **Consecutive or concurrent sentences.** (1)(a) Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(e) or any other provision of RCW 9.94A.390. "Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. This definition does not apply in cases involving vehicular assault or vehicular homicide if the victims occupied the same vehicle. However, the sentencing judge may consider multiple victims in such instances as an aggravating circumstance under RCW 9.94A.390.
>
> (b) Whenever a person is convicted of three or more serious violent offenses, as defined in RCW 9.94A.330, arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level under RCW 9.94A.320 shall be determined using the offender's criminal history in the offender score and the sentence range for other serious violent offenses shall be determined by using an

---

[1] Mr. Kern had a criminal history which consisted of the following crimes committed as an adult: second degree escape, March 10, 1982; first degree escape, February 9, 1983; second degree burglary, August 7, 1984; first degree burglary, May 17, 1988; and second degree theft, June 15, 1988.

[2] This statute was amended by Laws of 1988, ch. 143, § 24 and ch. 157, § 5, but not as to affect the issue here.

offender score of zero. The sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.

(2) Whenever a person while under sentence of felony commits another felony and is sentenced to another term of imprisonment, the latter term shall not begin until expiration of all prior terms.

(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced *unless the court pronouncing the current sentence expressly orders that they be served consecutively.*

(Italics ours.)

RCW 9.94A.120 provides in relevant part:

When a person is convicted of a felony, the court shall impose punishment as provided in this section.

. . . .

(14)[3] A departure from the standards in RCW 9.94A.400(1) and (2) governing whether sentences are to be served consecutively or concurrently is an exceptional sentence subject to the limitations in subsections (2) and (3) of this section, [requiring court to set forth in written findings of fact and conclusions of law substantial and compelling justification for the exceptional sentence] and may be appealed by the defendant or the state as set forth in RCW 9.94A.210(2) through (6).

Mr. Kern contends the Legislature made a scrivener's error in RCW 9.94A.120(14), in that it must have intended to require written findings for former RCW 9.94A.400(1) and (3), and not (1) and (2). The basis for this reasoning is subsection (2) of former RCW 9.94A.400 mandates that a sentence for a felony committed while under sentence for a prior felony commences at the expiration of all prior terms;

---

[3]RCW 9.94A.120 was amended by the Laws of 1988, ch. 143, § 21; ch. 153, § 2; and ch. 154, § 3, each without reference to the other. All amendments were incorporated pursuant to RCW 1.12.025(2). The amendment found in ch. 153, § 2 added a subsection which resulted in a renumbering. Former subsection (13) was renumbered to the current subsection (14). Consequently, we reference RCW 9.94A.120(14) in the above cited provision.

no judicial departure is allowed or for that matter needs justification. Conversely, subsections (1) and (3) provide for *concurrent* sentences, except when the court specifically imposes a *consecutive* sentence. The imposition of a consecutive sentence thus is a departure from the standard concurrent sentence and should include justification for meaningful review. Consequently, Mr. Kern asserts the Legislature must have failed to carefully review RCW 9.94A.400 when it reenacted RCW 9.94A.120(14) in 1988, thus committing an unintentional drafting error. We disagree.

██ Former RCW 9.94A.400(1) is a specific provision which directs a concurrent sentence for crimes involving the same criminal conduct. Former RCW 9.94A.400(2) is likewise a specific provision which directs a consecutive sentence for felonies committed while under sentence for another felony. Should the court determine consecutive sentencing under subsection (1) or a concurrent sentence under subsection (2) is appropriate, it would be imposing an exceptional sentence requiring written justification. Accordingly, RCW 9.94A.120(14) would be applicable under either of those factual scenarios. This analysis obviates Mr. Kern's "scrivener's error" contention. By enacting RCW 9.94A.400(3), the Legislature has left to the discretion of the sentencing court the determination whether a concurrent or consecutive sentence shall be imposed for cases within the category of that subsection. No written reason need be supplied for that determination.

*State v. Linderman*, 54 Wn. App. 137, 772 P.2d 1025, *review denied*, 113 Wn.2d 1004 (1989) held a trial judge need not specify the reasons for imposing a consecutive sentence under RCW 9.94A.400(3). We concur in this plain reading of the legislative language.

██ Even assuming arguendo the Legislature committed a drafting error as Mr. Kern asserts, we decline to correct by judicial fiat what is more appropriately left to that branch of government. As noted in *State v. Martin*, 94 Wn.2d 1, 8, 614 P.2d 164 (1980), "we do not have the power

to read into a statute that which we may believe the legislature has omitted, be it an intentional or an inadvertent omission" when the plain language of the statute is instructive and no ambiguity is present. The court continued, "it would be a clear judicial usurpation of legislative power for us to correct that legislative oversight." *See also State v. Keeney*, 112 Wn.2d 140, 142, 769 P.2d 295 (1989), where the court held: "We may not provide perceived missing language and language, clear upon its face, does not require or permit judicial interpretation." (citing *Martin*).

The judgment and sentence are affirmed.

THOMPSON, C.J., and SHIELDS, J., concur.

Review denied at 114 Wn.2d 1003 (1990).