[No. 56635-6.   En Banc.    September 5, 1991.]

*In the Matter of the Personal Restraint of*
MICHAEL E. LONG, *Petitioner.*

*Rita J. Griffith* of *Washington Appellate Defender Association*, for petitioner.

*John W. Ladenburg, Prosecuting Attorney for Pierce County*, and *Chris Quinn-Brintnall, Senior Appellate Deputy*; *Gary P. Burleson, Prosecuting Attorney for Mason County*, and *Victoria Meadows, Deputy*, for respondent.

GUY, J. — Petitioner challenges, under RCW 9.94A-.400(2)-(3), the consecutive rather than concurrent setting of sentences for three convictions. Respondents are the Pierce County Prosecutor and the Department of Corrections. Petitioner also opposes the motion by the Pierce County Prosecutor to substitute a new response for a withdrawn argument.

FACTS

In 1986 and 1987, while on parole from a 10-year sentence for a 1983 felony conviction, petitioner Michael Long committed crimes in Mason, Pierce and Thurston Counties. Long committed a string of felonies before he was convicted or sentenced for any one of them.

Of this string, Long was first sentenced in Mason County for theft in December 1987, cause 87-1-00034-6 (Mason 1). The second sentence was entered in Pierce County for forgery in May 1988, cause 88-1-00415-5. The third sentence was entered in Thurston County for theft and forgery in July 1988, cause 87-1-00083-8.

Long committed the crime of escape in Mason County in February 1988. This escape occurred after the December 1987 sentence for theft in Mason County, but prior to Long's sentencing in either Pierce or Thurston Counties. Long received his last sentence, for the Mason County escape conviction, in October 1988, cause 88-1-00018-2

(Mason 2). Long does not dispute that this Mason 2 sentence of 70 months should run consecutively to the previous sentences entered in Mason, Pierce and Thurston Counties.

## Relationships Between Sentences

In their initial briefs, all parties believed the record to indicate the Mason 1 court's intention that the Mason 1 sentence run consecutively to the Pierce and Thurston County sentences, *which had not yet been imposed*. The petitioner then submitted to this court a more complete copy of the sentencing order showing the record on review was erroneous with respect to the Mason 1 sentence. This certified, newly proffered sentencing order includes the handwriting of the sentencing judge in the right-hand margin which did not appear previously in the record because it apparently was cut off during photocopying. The respondents have not challenged submission of this document. This copy of the sentence does not appear to dictate consecutive sentencing prospectively and reads in pertinent part:

> If the defendant is sentenced to prison on the Thurston Cou[nty] or any other charges the defendant shall serve this sentence in prison.
> The sentence herein shall run consecutively with the sentence in *an other* [sic] *cause to which he's been sentenced.*

(Italics ours.) The above italicized words were handwritten instructions following the printed words on the sentencing form. The key words are "with the sentence in an other [sic] cause to which he's been sentenced."

The Pierce County forgery sentence was ordered to be served "concurrent with Mason County and Thurston County convictions". Long had not yet been sentenced in Thurston County when the Pierce County sentence was imposed.

The subsequently entered Thurston County sentencing order gave no indication as to whether it was being

imposed consecutively to or concurrently with the Mason 1 and Pierce County sentences.

Aware that Long committed this group of crimes while on parole for a 10-year sentence for a 1983 felony conviction, the Indeterminate Sentence Review Board continued Long on conditional discharge. It did not order that he serve any additional time on the 1983 conviction as a result of the new convictions. The Department of Corrections responded to the diverse sentencing orders from Mason, Pierce and Thurston Counties by setting *all* the sentences to run consecutively to each other.

Long filed a personal restraint petition with the Court of Appeals. His petition was dismissed, and Long filed a motion for reconsideration. That motion was sent by the Court of Appeals to this court to be considered as a motion for discretionary review under RAP 16.14(c) and RAP 13.3(d).

On April 23, 1990, the Commissioner of this court partially denied the motion for discretionary review and invited the Department of Corrections and the Thurston, Mason, and Pierce County prosecuting attorneys to file additional responses to Long's petition and to address the proper application of *In re Caley*, 56 Wn. App. 853, 785 P.2d 1151 (1990), as well as the issue of the purported conflict between the Mason 1 sentence and the Pierce County sentence. Only the Department of Corrections and the Pierce County prosecutor responded to the request for briefing. On July 31, 1990, the Commissioner granted the motion for discretionary review.

On September 25, 1990, the Pierce County prosecutor moved to supplement the record on appeal with a new argument as a substitute for an argument Pierce County was withdrawing because it was inconsistent with the prosecutor's plea bargain recommendation. Long opposed the motion. Because the date for oral argument was so

near, the clerk passed to the merits Pierce County's motion to submit the new brief, without prejudice to Long's objection. Petitioner has asked the court, if it were to accept the new brief, to decide whether a prosecutor may on appeal argue a position inconsistent with his plea bargain with the defendant. We decline to accept the new Pierce County supplemental brief for review and therefore need not address petitioner's challenge to it on the merits.

On October 23, 1990, counsel for petitioner raised the issue discussed above, that the record on review contained an incomplete, misleading copy of the Mason 1 sentence. On October 29, 1990, petitioner submitted the above discussed certified, complete copy of this Mason 1 sentence.

On November 2, 1990, the Department of Corrections requested to withdraw a large part of its argument and notified the clerk it would not present any oral argument to the court on the hearing date scheduled for November 14, 1990. The clerk passed this request to the merits as well.

## Issues

The primary issue presented is whether under RCW 9.94A.400(2)-(3) sentences for multiple current offenses committed while the defendant is on parole for a previous felony conviction must be served consecutively to *each other* as well as consecutively to the prior sentence.

The court has also been asked to reconcile sentencing orders for multiple current offenses committed in various counties when those orders are inconsistent in their consecutive or concurrent instructions.

The following chart sets out the petitioner's sentences and their concurrent/consecutive relationship to one another:

New Sentences Following Parole for 1983 Sentence
(in order of sentencing date)

Mason County cause 87-1-00034-6

| | | |
|---|---|---|
| Date of crime | : | 3/87 |
| Conviction | : | 10/87 |
| Sentencing date | : | 12/28/87 |
| Sentence | : | 8 months on each count (concurrent with each other) |
| Concur/Consec. instructions | : | "The sentence herein shall run consecutively with the sentence in an other [*sic*] cause to which he's been sentenced" |

Pierce County cause 88-1-00415-5

| | | |
|---|---|---|
| Date of crime | : | 6/87 |
| Conviction | : | 5/17/88 |
| Sentencing date | : | 5/17/88 |
| Sentence | : | 12 months plus 1 day |
| Concur/Consec. instructions | : | "Concurrent with Mason County and Thurston County convictions" |

Thurston County cause 87-1-00083-8

| | | |
|---|---|---|
| Date of crime | : | 5/86-11/86 |
| Conviction | : | 10/28/87 |
| Sentencing date | : | 7/6/88 |
| Sentence | : | Count 1—40 months Count 2—20 months (concurrent with each other) |
| Concur/Consec. instructions | : | No indication given by court |

Mason County cause 88-1-00018-2

| | | |
|---|---|---|
| Date of crime | : | 2/8/88 |
| Conviction | : | 8/1/88 |
| Sentencing date | : | 10/3/88 |
| Sentence | : | 70 months |
| | | |
| Concur/Consec. instructions | : | "The sentence herein shall run consecutively with the sentence in all other matters." |

## ANALYSIS

We first address the issue of whether the three sentences imposed by the different counties should be served consecutively or concurrently to each other. (There is no dispute that the fourth sentence, for escape, is to be served consecutively to these three sentences.) The dispute arises from the different sentencing instructions given by the sentencing courts in Mason, Pierce, and Thurston Counties for the petitioner's 1986-1987 felonies.

### Statutory Interpretation

This appeal requires interpretation of RCW 9.94A-.400(2)-(3), which state:

> (2) Whenever a person while under sentence of felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.[1]
> (3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

---

[1]In 1988, during the time Mr. Long was being sentenced for his last several offenses, RCW 9.94A.400(2) was amended and the word "confinement" substituted for "imprisonment". This change is immaterial to this appeal.

The petitioner argues that under RCW 9.94A.400(2)-(3), his status as a parolee for his 1983 felony conviction at the time of his later felonies does not require that his multiple current felony sentences be served consecutively to one another.

The issue Long raises is very similar to that in *In re Caley*, 56 Wn. App. 853, 785 P.2d 1151 (1990). Caley committed two felonies in Snohomish County and one in Whatcom County in December 1986 while on parole from a 1982 conviction. He was sentenced first in Snohomish County and next in Whatcom County. The Whatcom County judge did not specify whether the Whatcom sentence was to be served consecutively to or concurrently with the Snohomish County term. The Department of Corrections interpreted RCW 9.94A.400(2) to impose consecutive terms. The Court of Appeals granted Caley's personal restraint petition, reasoning that RCW 9.94A.400(2) and (3) must be read together.

The court in *Caley* held that under RCW 9.94A.400(2)-(3), terms imposed for multiple current offenses committed while the felon was on parole run consecutively to the term for the prior offense; it is not necessary for the multiple terms to be served consecutively to each other. *In re Caley, supra* at 856-57.

The *Caley* court held that subsection (2) applies to the relationship between a new sentence and a prior sentence that was being served at the time of commission of the new crime; in such a case, the new sentence must be consecutive to the prior one. The court held in *Caley* that subsection (3) governs the relationship between sentences imposed in multiple jurisdictions based on current crimes; those sentences can run either concurrently with *or* consecutively to each other. "That Caley was on parole from the 1982 sentence is not relevant to the relationship of the new offenses to each other, but only to the relationship of the cluster of new offenses to the older offense." *In re Caley, supra* at 858. Thus, the Court of Appeals held that the sentences for all of Caley's new offenses should

run concurrently with each other and consecutively to the prior sentence.

The *Caley* court reached its holding by way of a 3-part analysis. First, the court noted that the comments to subsections (2) and (3) of the Sentencing Guidelines Commission state that *both* subsections (2) and (3) apply to situations in which the defendant at the time of a new offense, "has not yet completed a sentence for another felony conviction." *In re Caley, supra* at 856 (quoting D. Boerner, *Sentencing in Washington* app. I, at I-30 (1985). These comments also indicate subsection (3) applies in the context of sentencing in multiple jurisdictions. Second, the court reasoned that subsections (2) and (3) should be interpreted in harmony with each other. Third, the rule of lenity requires the resolution of any sentencing ambiguities in favor of the defendant. *In re Caley, supra* at 856-57. Petitioner argues that this court should follow the *Caley* analysis and hold that his multiple current sentences be served concurrently. We agree.

■■ *In re Caley, supra*, is squarely on point. Long was "under sentence of felony" for his 1983 conviction when he committed a string of 1986-1987 offenses. Thus, these offenses are to be served consecutively to the 1983 conviction under RCW 9.94A.400(2). However, Long committed all his multiple current crimes in 1986-1987 before he was sentenced for any of them. Therefore, he was *not* yet "under sentence of felony" as to those crimes and the appropriate rule is RCW 9.94A.400(3). Subsection (3) allows a trial judge to sentence either concurrently with or consecutively to each preceding sentence. The only requirement is that the judge's *intent* to sentence consecutively be express.

The Department of Corrections has withdrawn its argument opposing the petitioner's reading of *In re Caley, supra*, but it has asked the court for guidance on the interpretation of RCW 9.94A.400(2)-(3). The Pierce County prosecutor, however, maintains that *In re Caley, supra*, is incorrect, relying in part on the following Sen-

tencing Guidelines Commission comment regarding subsection (3):

> Subsection (3) [of RCW 9.94A.400] will often be relevant where the defendant has committed a series of crimes across court jurisdictions (crimes in more than one county, more than one state, or crimes for which he or she has been sentenced under both state and federal jurisdictions) and where the defendant will be sentenced by more than one judge. The purpose of this subsection is to allow the judge some flexibility within the guidelines in order to minimize the incidental factors of geographical boundaries and jurisdictions.

(Italics omitted.) D. Boerner, *Sentencing in Washington* app. I, at I-30 (1985)). Nothing in this comment, which was also quoted in *In re Caley, supra,* operates to weaken or assail the petitioner's use of *Caley's* interpretation of RCW 9.94A.400(2)-(3) in support of his petition. The comment of the Sentencing Guidelines Commission supports the view that the legislative intent behind RCW 9.94A.400(3) was that it apply in situations similar to Long's, in which a defendant faces sentencing in several jurisdictions.

All sections of RCW 9.94A.400 can be harmonized and all language given effect by applying the language of each subsection to the situation specifically addressed therein. Sentences for multiple current offenses do not have to be consecutive as a matter of law whenever such new sentences are imposed for crimes committed while the defendant was on parole for a prior sentence. This is true whether these sentences are imposed in a single county or in different counties.

The Sentencing Guidelines Commission comments do not indicate that subsection (2) of RCW 9.94A.400 applies to the exclusion of subsection (3) whenever a cluster of new crimes is committed while the defendant is under a prior sentence of felony. The Sentencing Guidelines Commission comments do indicate a desire to give sentencing courts flexibility to sentence either consecutively or concurrently in the instance of multiple current offenses, all

committed before a defendant is under sentence for any of them.

Our reading of RCW 9.94A.400, consistent with the *Caley* reasoning, allows subsections (2) and (3) to operate together when multiple current offenses are committed subsequent to a prior felony sentence. When the time comes to sentence for the multiple current convictions, a sentencing judge may sentence concurrently with a sentence just imposed, or consecutively to the prior sentence as long as such *intent* is expressed.

In enacting RCW 9.94A.400(3), the Legislature left to the trial court the determination of whether a concurrent or consecutive sentence should be imposed for cases within the category of the subsection. Under the plain language of RCW 9.94A.400(3), the trial judge need not specify the reasons for imposing consecutive sentences. *State v. Kern*, 55 Wn. App. 803, 780 P.2d 916 (1989), *review denied*, 114 Wn.2d 1003 (1990).

■ The Pierce County Prosecutor has argued that *In re Caley, supra*, creates far too lenient a reading of RCW 9.94A.400. The statute allows the sentencing judge flexibility to be lenient *or* stern in sentencing. Since the language of RCW 9.94A.400(3) is clear, it should be accorded its plain meaning. *State v. Linderman*, 54 Wn. App. 137, 140, 772 P.2d 1025, *review denied*, 113 Wn.2d 1004 (1989). In *Linderman*, the sentencing judge in King County disregarded the leniency recommendations of the State and imposed a sentence to run consecutively to sentences in two other counties, Kitsap and Pierce. The petitioner appealed his sentence, arguing violation of RCW 9.94A.400(3). The *Linderman* court held that the trial court has total discretion to impose a consecutive sentence, that all that is required under RCW 9.94A.400(3) for consecutive sentencing is that the judge expressly orders it. *Linderman*, at 139.

Until 1986, sentences imposed under RCW 9.94A.400(3) would run consecutively to previous sentences unless the

court expressly ordered them to run concurrently. The Sentencing Reform Act of 1981 was revised in 1986 and the presumption was reversed. Today the presumption under RCW 9.94A.400(3) is that sentences imposed will run concurrently unless the court expressly orders they be served consecutively. *State v. Henderson*, 48 Wn. App. 543, 553 n.7, 740 P.2d 329, *review denied*, 109 Wn.2d 1008 (1987).

In the absence of express sentencing orders to the contrary, Long's multiple current sentences are to be set concurrently with each other.

### Reconciling Sentences

We turn next to whether Long's various sentences may be reconciled. All the parties have addressed the issue of apparent conflicts among the sentencing instructions of the various county courts. These conflicts have turned out to be phantoms.

Subsection (3) of RCW 9.94A.400 applies to multiple current offenses committed while the defendant was on parole for a prior felony. Subsection (2) places all the multiple current offense sentences consecutive to the prior felony sentence because the multiple offenses were all committed while the defendant was under sentence for that felony. However, relative to each other, the multiple current offenses were not committed while the defendant was under sentence of felony. Subsection (3) controls the setting of sentences for multiple current offenses relative to each other.

Subsection (3) states that such "sentence shall run concurrently with any felony sentence *which has been imposed* . . . subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively." (Italics ours.) This gives each successive sentencing court control over the relationship of its sentence to sentences *previously* imposed. The words "has been imposed" refer to a past event, so the later sentenc-

ing courts always set the relationship of their sentence to the former.

We apply this framework to the sentences in this case. The correct copy of the Mason 1 sentence states: "The sentence herein shall run consecutively with the sentence in an other [*sic*] cause to which he's been sentenced." This means the 1987 Mason County theft sentence was not intended to be set consecutively to the Pierce and Thurston County sentences. Those sentences had not yet been imposed.

The words "to which he's been sentenced" are a contraction for "to which he has been sentenced". This wording refers to a past event. The language does not indicate an intent to impose consecutive sentences prospectively. Rather, it indicates that Long's sentence should be served consecutively to a past sentence. This interpretation is entirely consistent with our reading of RCW 9.94A-.400(2)-(3). The Mason 1 sentence, under statute, could not and did not speak to what were as yet unimposed Pierce and Thurston County sentences. Rather, it speaks to a prior sentencing, the sentence for which petitioner was on parole. No other sentences were imposed on Long until 5 months later, in May 1988.

Petitioner's sentences were consistent, not in conflict. We interpret them as follows:

Mason 1 — The sentence did not instruct a term consecutive to the latter sentences. It said: "The sentence herein shall run consecutively with the sentence in an other [*sic*] cause to which he's been sentenced." This was a reference to the sentence from which Long was already on parole.

Pierce — The sentence stated it should run concurrently with Mason 1 and Thurston. The Pierce County court lacked authority to set this sentence concurrent with the later Thurston sentence, but there was no conflict because the Thurston County sentence runs concurrently with the Pierce County sentence by operation of law.

Thurston — Since the judge did not expressly order that this term be served consecutively to the previous sentences, subsection (3) of RCW 9.94A.400 mandates this sentence be served concurrently with the Mason 1 and Pierce County sentences.

Mason 2 — The Mason County escape sentence of 70 months was set to run consecutively to "all other matters". It runs after completion of the three sentences above, as it was expressly imposed under the discretion of the sentencing judge.

Although there is no conflict among the sentencing orders in this case, the Department of Corrections has asked for guidance as to the proper application of RCW 9.94A.400(2)-(3). The latest sentence always prevails in its own concurrent or consecutive instruction relative to prior sentences. A sentencing court has no authority to determine whether a current sentence shall run consecutively to or concurrently with a sentence yet to be imposed in the future. The discretion to impose sentences concurrently with, or consecutively to, prior sentences is reserved to the court imposing the subsequent sentence. *Linderman*, 54 Wn. App. at 139.

CONCLUSION

The sentences in this case are reconciled, as there is no conflict among the sentences. A sentencing judge has unfettered discretion to impose any sentences under RCW 9.94A.400(3) either concurrently with, or consecutively to, a prior sentence for multiple current offenses. Consecutive sentencing, however, must be expressly ordered. A prior sentencing judge cannot usurp the concurrent/consecutive sentencing discretion of a judge who later imposes another sentence.

We approve of the reasoning of the Court of Appeals in *In re Caley*, 56 Wn. App. 853, 785 P.2d 1151 (1990) and adopt its reading of RCW 9.94A.400(2)-(3). Accordingly, the petition is granted. Consistent with statutory guidelines and the orders of the trial courts, Long's sentences

in Mason County cause 87-1-00034-6, Pierce County cause 88-1-00415-5, and Thurston County cause 87-1-00083-8 are to run concurrently with each other. Mason County cause 88-1-00018-2, a 70-month term, is to run consecutively to the completion of these prior three sentences.

DORE, C.J., UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, and SMITH, JJ., and CALLOW, J. Pro Tem., concur.