[No. 14258-2-III.    Division Three.    January 30, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD JAY MAX KLUMP, *Appellant*.

*Russell K. Jones,* for appellant.

*James R. Sweetser, Prosecuting Attorney,* and *Edward D. Hay, Deputy,* for respondent.

THOMPSON, J. — Ronald Jay Max Klump appeals the superior court's denial of his motion for relief from a consecutive sentence. The court concluded the motion was untimely. We reverse and remand for reconsideration of the sentence.

Mr. Klump pleaded guilty in federal district court to the crimes of threatening a law enforcement officer, 18 U.S.C. § 115(a)(1), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced to 51 months in prison. Mr. Klump later pleaded guilty in Spokane County Superior Court to the crime of conspiracy to commit second-degree murder, RCW 9A.28.040; RCW 9A.32.050.

The standard-range sentence on the state conviction was 131.25 to 174.75 months, but the statutory maximum was 10 years, or 120 months. *See* RCW 9A.20.021(1)(b). On July 2, 1993, the superior court sentenced Mr. Klump to the maximum 120 months and ordered the sentence to run consecutively to the earlier federal sentence.

On April 22, 1994, the Ninth Circuit Court of Appeals reversed the federal sentence. On remand, the federal district court apparently considered the subsequent state conviction in determining Mr. Klump's criminal history,[1] and again ordered a sentence of 51 months.

Mr. Klump moved for relief from the state sentence on July 28, 1994, more than a year after the sentence was

---

[1]The precise basis of the federal court's sentence on remand is not clear from the record. The original federal sentence was based on a total offense level of 18, a criminal history category of 4, and an imprisonment range of 41 to 51 months. The sentence on remand was based on a total offense level of 17, a criminal history category of 5, and an imprisonment range of 46 to 57 months. In the hearing on the motion at issue here, the superior court was told the additional criminal history was a result of the subsequent state conviction.

entered. The superior court denied the motion, holding it was untimely. Mr. Klump appeals this denial.

CrR 7.8 provides in pertinent part:

### RELIEF FROM JUDGMENT OR ORDER

(a) **Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. Such mistakes may be so corrected before review is accepted by an appellate court, and thereafter may be corrected pursuant to RAP 7.2(e).

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.6;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or

(5) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

Although the rule expressly provides for several circumstances in which relief may be requested more than one

year after a judgment is final, the Legislature has further limited requests for collateral relief. RCW 10.73.090(1) bars such requests if they are "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Statutory exceptions to the one-year time limit are:

(1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;

(2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;

(3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;

(4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;

(5) The sentence imposed was in excess of the court's jurisdiction; or

(6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

RCW 10.73.100.

In denying Mr. Klump's motion for relief from judgment in this case, the superior court concluded no exception to the statute applied, and the request thus was time-barred.

Mr. Klump first contends the one-year limit does not apply under RCW 10.73.100(5), because the original sentence

exceeded the superior court's jurisdiction. "Jurisdiction" in this context includes personal and subject-matter jurisdiction. *In re Runyan*, 121 Wn.2d 432, 441 n.5, 853 P.2d 424 (1993). Mr. Klump apparently contends the superior court lacked subject-matter jurisdiction to impose a consecutive sentence under these circumstances. RCW 9.94A.400(3) provides that

> whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

■ A sentencing court has total discretion in deciding whether a sentence will run concurrently with, or consecutively to, a felony sentence previously imposed. *State v. Linderman*, 54 Wn. App. 137, 139-40, 772 P.2d 1025, *review denied*, 113 Wn.2d 1004 (1989); *see In re Long*, 117 Wn.2d 292, 302, 815 P.2d 257 (1991); *State v. Kern*, 55 Wn. App. 803, 806, 780 P.2d 916 (1989), *review denied*, 114 Wn.2d 1003 (1990). The superior court's original sentence was authorized by the statute.

Mr. Klump has cited no authority for his argument that subsequent events may retroactively deny a court of properly exercised jurisdiction. There is no merit to his argument.

■ However, we nevertheless conclude the statutory time limit should not apply in this circumstance. RCW 10.73.090 expressly applies only "if the judgment and sentence is valid on its face." The superior court's sentence was valid at the time it was entered because it referred to a federal sentence *previously* imposed, a necessary predicate under RCW 9.94A.400(3). *Long*, 117 Wn.2d at 303-04. However, when the federal sentence was reversed, there was no previously imposed sentence on which the state

sentence could operate. The one-year time limit of RCW 10.73.090 does not apply.[2]

■ The next question is whether Mr. Klump's motion is time-barred under CrR 7.8. Mr. Klump argues the consecutive sentence was a clerical mistake, subject to correction under CrR 7.8(a). An intentional act by the court cannot be a clerical error. *In re Getz*, 57 Wn. App. 602, 604, 789 P.2d 331 (1990) (interpreting the identical CR 60(a)). The sentencing court clearly *intended* to impose a consecutive sentence, and there was no clerical mistake.

■ However, relief is justified under CrR 7.8(b)(5), which authorizes a court to grant a motion for "[a]ny other reason justifying relief from the operation of the judgment." The provision does not apply when the circumstances alleged to justify the relief existed at the time the judgment was entered. *State v. Cortez*, 73 Wn. App. 838, 871 P.2d 660 (1994). Here, the reversal of the federal sentence occurred after the judgment was entered and qualifies as an "extraordinary circumstance," justifying the relief Mr. Klump requests.

■ Under CrR 7.8(b)(5), the motion must be made within a "reasonable time." Mr. Klump filed this motion approximately three months after the original federal sentence was reversed, and within one month of the resentence on remand. This period was reasonable.

We conclude the one-year time limit of RCW 10.73.090 does not apply, because the federal sentence to which the state sentence referred was later invalidated; the state sentence therefore became invalid on its face. We also conclude CrR 7.8(b)(5) justifies the relief Mr. Klump seeks. Mr. Klump requested the relief within the reasonable time required by the rule, and his motion was not time-barred. We therefore remand for reconsideration of the consecutive sentence.

On remand, the superior court should consider: (1)

---

[2]This conclusion makes it unnecessary to address Mr. Klump's equal protection argument.

whether the new federal sentence is a previously imposed sentence, subject to consecutive sentencing under RCW 9.94A.400(3); and (2) whether the federal court's reliance, in resentencing Mr. Klump, on his conviction in this case affects the decision to impose a consecutive sentence.

SWEENEY, C.J., and MUNSON, J., concur.