125 P.3d 169 (2005)
130 Wash.App. 782
STATE of Washington, Respondent,
v.
John GRAYSON, Appellant.
No. 51517-9-I.
Court of Appeals of Washington, Division One.
December 19, 2005.
*170 Jason Brett Saunders, Washington Appellate Project, Attorney at Law, Seattle, WA, for Appellant.
Melinda B. Miller, Craig D. Chambers, Attorney at Law, Hilary A. Thomas, Whatcom County Prosecutors Office, Bellingham, WA, for Respondent.

PUBLISHED IN PART
BECKER, J.
¶ 1 At issue in this appeal is a sentencing statute, RCW 9.94A.589(3). We hold the statute requires the sentencing court to make an "either-or" choice. The sentence must either be concurrent with another sentence, or consecutive to it. The statute does not authorize the hybrid model utilized in the present case, where the court ordered a portion of the 144-month sentence to be served consecutively while the rest was to run concurrently.
¶ 2 John Grayson was arrested on January 13, 2002, and charged in Whatcom County with two drug-related felonies: possession of cocaine with intent to deliver, and possession of marijuana. At the time, he was not under any felony sentence. He was awaiting trial in Whatcom County on two felony drug charges stemming from arrests in June and July of 2000. He was convicted of the current charges on September 27, 2002, and of the previous charges in October, 2002.
¶ 3 Grayson came before Judge Moynihan of Whatcom County Superior Court for sentencing for the two previous offenses on October 24, 2002. Judge Moynihan imposed a standard range sentence of 138 months.
¶ 4 A month later, on November 27, 2002, Grayson appeared before Judge Mura of Whatcom County Superior Court to be sentenced for the current offenses. The sequence of the two different sentencing proceedings brought Grayson into the ambit of the particular statutory provision at issue in this appeal. According to the statute, the sentence to be imposed by Judge Mura would run concurrently with the almost 12-year sentence imposed by Judge Moynihan unless Judge Mura ordered that it would run consecutively:
(3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence for conviction of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.
RCW 9.94A.589(3), formerly RCW 9.94A.400(3).
¶ 5 The standard range to be utilized by Judge Mura was 108 to 144 months. A *171 sentence concurrent with the 138-month sentence imposed by Judge Moynihan would at most result in an additional six months of incarceration. The State viewed a concurrent sentence as insufficient punishment. At the sentencing hearing the State asked the court to make "some or all" of the sentence consecutive rather than concurrent.[1]
¶ 6 Defense counsel acknowledged that Grayson's extensive history of arrests and convictions was not in his favor. Counsel pointed out, however, that making the sentences consecutive would add 9 to 12 years to the other sentence  too much punishment, in counsel's view. The recommended solutionif the judge wanted to avoid a harsh resultwas to impose a sentence of 144 months, at the top of the standard range, to run concurrently with the other 138-month sentence, so that the net effect would be an additional six months  a total of 12 years for both sentences:
[Defense Counsel]: It doesn't speak well, obviously. I'm saying if the court's going to run it consecutive, I would say that I think the court should run it concurrent, but I also think that he should get some time for his crime and I would suggest to the court that all but six months run concurrent.
. . .
... I mean, I guess I'm asking the court to weigh the practicalities and the State's resources. I can't excuse his behavior and his past, he should get some additional time consecutive, but I think essentially 144 is 12 years, Judge.[2]
¶ 7 The court decided against making the entire sentence consecutive to the 138-month sentence already imposed by Judge Moynihan. That "would be twenty years and that's not appropriate under all the facts and circumstances here." Instead, the court imposed a 144-month sentence, at the top of the standard range, with all but one year to be concurrent:
And then on the possession of the cocaine with intent to deliver, it is the sentence of the court that you be remanded to the Department of Corrections to serve a term of 144 months, and I'm going to make all but 12 of those months run concurrent.
I'm giving you a big break. Instead of giving you 12 years tacked on to the 10 that you already have, Mr. Grayson, I'm giving you only one year tacked on to the end.[3]
The 144-month sentence as recommended by defense counsel would have fully overlapped the 138-month sentence, leaving only the extra six months to be served at the end. With one year "tacked on" at the end instead of six months, the 144 month sentence as imposed by Judge Mura actually began to run six months after the sentence imposed by Judge Moynihan. Thus, it was not fully concurrent.
¶ 8 Grayson assigns error to the part-consecutive, part-concurrent sentence that he received. He contends that his 144-month sentence had to be fully concurrent with the 138-month sentence imposed by Judge Moynihan, unless Judge Mura ordered that all of it be consecutive.
¶ 9 When the parties appeared for oral argument in this court, the State conceded error and agreed with Grayson that the statute gives the court only an either-or choice.
¶ 10 We accept the State's concession. The statute says "the sentence" shall run concurrently with the other felony sentences, "unless the court pronouncing the current sentence expressly orders that they be served consecutively."[4] Nothing in the statute suggests that the court pronouncing "the sentence" can divide it into two parts, one part to run concurrently with the other sentences and the other consecutively.
¶ 11 "A sentencing judge has unfettered discretion to impose any sentences under RCW 9.94A.400(3) either concurrently with, or consecutively to, a prior sentence for multiple current offenses. Consecutive sentencing, *172 however, must be expressly ordered." In re Long, 117 Wash.2d 292, 305, 815 P.2d 257 (1991). The statute discussed in Long was the predecessor statute of RCW 9.94A.589(3). As the Supreme Court recognized, the statute allows the sentencing judge "flexibility to be lenient or stern in sentencing." In re Long, 117 Wash.2d at 302, 815 P.2d 257. It does not, however, allow the flexibility to impose a sentence in between lenient and stern. The hybrid sentence was unauthorized by the statute and must be reversed.
¶ 12 While this appeal of Judge Mura's sentence was pending, Grayson was also appealing Judge Moynihan's sentence. This court affirmed it, but the Supreme Court reversed, holding that the court erred by categorically refusing to consider Grayson's request for a treatment-based alternative sentence. State v. Grayson, 154 Wash.2d 333, 341-43, 111 P.3d 1183 (2005). How resentencing should proceed under these circumstances is not within the scope of this appeal and we offer no direction or comment.
¶ 13 Conviction affirmed. Sentence reversed. Remanded for resentencing.
¶ 14 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.
WE CONCUR: ELLINGTON and BAKER, JJ.
NOTES
[1] Report of Proceedings, November 27, 2002, at 4.
[2] Report of Proceedings, November 27, 2002, at 9-10.
[3] Report of Proceedings, November 27, 2002, at 15-17.
[4] RCW 9.94A.589(3), formerly RCW 9.94A.400(3).