# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 74494-1-I |
| | ) | DIVISION ONE |
| RONALD L. BROWN, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | FILED: April 17, 2017 |

TRICKEY, J. — Ronald Brown challenges the terms of his community placement for offenses committed from 1993 to 1995 in this personal restraint petition (PRP). Brown claims that the Washington State Department of Corrections (DOC) improperly extended his community placement beyond its maximum allowable length and that the 2009 amendment of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, requires a reduction of his term of community placement. Because the two trial courts properly sentenced Brown to two separate, consecutive two-year terms of community placement under the SRA provisions in effect at the time he committed his offenses, we conclude that DOC is not erroneously requiring Brown to be on community placement for four years. We deny the petition.

## FACTS

In March 1996, Brown pleaded guilty in King County Superior Court to one count each of rape of a child in the second degree and child molestation in the second degree for crimes he committed in February 1993 and July 1993. He was sentenced to concurrent terms of confinement of 89 months and 41 months, with credit for 333 days served, and a term of community placement.

In March 1997, Brown was convicted in Snohomish County Superior Court of three counts of rape of a child in the second degree for crimes he committed between November 1994 and October 1995. Brown was sentenced to three concurrent terms of 198 months of confinement. His sentence included a term of community placement after his release from confinement.[1] At Brown's sentencing hearing, with Brown present, the court stated that his Snohomish County sentence was to run consecutively with his King County sentence.[2]

DOC released Brown from confinement in January 2016. He is currently in community placement in South Dakota. Because Brown's King County and Snohomish County sentences were set to run consecutively, DOC is running Brown's terms of community placement consecutively. Brown is scheduled to be under community placement for his King County sentence until January 20, 2018, with his community placement for his Snohomish County sentence scheduled to start immediately thereafter and run until January 20, 2020.

Brown now challenges his confinement, arguing that DOC is erroneously applying his community placement requirements.[3]

---

[1] The parties refer to Brown's current status as both "community placement" and "community custody." See PRP at 3, cf. Resp. of DOC at 4. The King County Superior Court and the Snohomish County Superior Court imposed "community placement" under former RCW 9.94A.120. PRP App. A at App. H; PRP App. B at 4-5.

[2] The original Snohomish County judgment and sentence did not show that Brown's sentence would run consecutively with his King County sentence. In June 1997, the Snohomish County Superior Court issued a nunc pro tunc order that amended its judgment and sentence to reflect that Brown's sentences would run consecutively. Although Brown claims that he did not learn that his sentences were running consecutively until he was preparing to be released in December 2010, he was present at the Snohomish County sentencing hearing when the court stated his Snohomish County and King County sentences would run consecutively.

[3] Brown also asserts that his estimated release date was delayed because DOC lost information. Brown does not offer further argument in support of this claim.

## ANALYSIS

Brown argues that DOC cannot require him to be on community placement for four years. DOC responds that it is properly running Brown's community placement terms consecutively because his King County and Snohomish County sentences were ordered to run consecutively. Because Brown's sentences are consecutive and he was properly sentenced to two two-year terms of community placement under the statute in effect when his offenses were committed, we agree with DOC.

"The Supreme Court and Court of Appeals have original concurrent jurisdiction in [PRP] proceedings in which the death penalty has not been decreed." RAP 16.3(c). "A petitioner is under a 'restraint' if the petitioner has limited freedom because of a court decision in a civil or criminal proceeding . . . ." RAP 16.4(b). The restraint must be unlawful, such as when the sentence imposed violates the federal constitution or the laws or constitution of Washington. RAP 16.4(c)(2); In re Cashaw, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994). If the petitioner is under an unlawful restraint, the appellate court will grant appropriate relief. RAP 16.4(a).

To prevail on a PRP, the petitioner must establish either a constitutional error that results in actual prejudice or nonconstitutional error that results in a "complete miscarriage of justice." In re Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).

### Consecutive Sentences

Brown argues that the length of time he will be in community placement exceeds the statutory maximum of community placement allowed. DOC argues

3

that it is properly imposing two consecutive terms of community placement on Brown because the Snohomish County Superior Court ordered that his sentences run consecutively. We agree with DOC.

"A sentencing judge has unfettered discretion to impose any sentences under RCW 9.94A.400(3) either concurrently with, or consecutively to, a prior sentence for multiple current offenses. Consecutive sentencing, however, must be expressly ordered." In re Long, 117 Wn.2d 292, 305, 815 P.2d 257 (1991) (analyzing former RCW 9.94A.400(3), the predecessor statute of RCW 9.94A.589, which contains the SRA's provisions governing consecutive or concurrent sentences). But a sentencing judge's discretion is limited to the choice of imposing concurrent or consecutive sentences; the judge cannot impose a sentence that combines elements of both. State v. Grayson, 130 Wn. App. 782, 785-86, 125 P.3d 169 (2005).

Here, DOC is properly running Brown's terms of community placement consecutively to each other. When Brown was sentenced, the SRA required the trial court to include a term of community placement as part of his sentence.[4] At Brown's sentencing hearing, the Snohomish County Superior Court clearly stated that his Snohomish County sentence was to run consecutively with his King County

---

[4] See former RCW 9.94A.120(8)(b) (1992); former RCW 9.94A.120(8)(b) (1993); former RCW 9.94A.120(8)(b) (1994); former RCW 9.94A.120(9)(b) (1995). The text of the provision at issue remained unchanged: "When a court sentences a person to a term of total confinement to the custody of the department of corrections for an offense categorized as a sex offense or serious violent offense, committed on or after July 1, 1990, the court shall in addition to other terms of the sentence, sentence the offender to community placement for two years or up to the period of earned early release awarded pursuant to RCW 9.94A.150 (1) and (2), whichever is longer." This opinion will refer to the relevant provisions collectively as former RCW 9.94A.120(8)(b).

sentence. Although the original judgment and sentence did not specify how the sentences would run, the court's nunc pro tunc order amended the judgment and sentence to reflect its decision that the sentences would run consecutively.

Brown's terms of community placement were not separate from his terms of imprisonment for the purpose of his overall sentences. Because the Snohomish County Superior Court clearly stated that Brown's sentences were to run consecutively, DOC is not erroneously running Brown's terms of community placement consecutive to one another.

### Community Placement v. Community Supervision

Brown argues that he is currently under community supervision rather than community placement due to the conditions placed upon him. He contends that because he is under community supervision, his term of community supervision is limited to 24 months, even though the underlying sentences are running consecutively. DOC argues that the trial courts sentenced Brown to community placement, and the conditions placed upon him for his release from imprisonment do not change his present status from community placement to community supervision. Because the law in effect when Brown's offenses were committed required that he be subject to community placement and the conditions placed upon him appear in the statute, we agree with DOC.

"When the legislature uses two different terms in the same statute, courts presume the legislature intends the terms to have different meanings." Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 219, 173 P.3d 885 (2007).

When Brown committed his crimes, the SRA required trial courts to impose a term of community placement for sex offenses or serious violent offenses committed on or after July 1, 1990. See former RCW 9.94A.120(8)(b). Community placement was defined as

> that period during which the offender is subject to the conditions of community custody and/or postrelease supervision, which begins either upon completion of the term of confinement (postrelease supervision) or at such time as the offender is transferred to community custody in lieu of earned early release. Community placement may consist of entirely community custody, entirely postrelease supervision, or a combination of the two.

See former RCW 9.94A.030(5) (1992); former RCW 9.94A.030(5) (1993); former RCW 9.94A.030(5) (1994); former RCW 9.94A.030(5) (1995).

Other parts of the section specifically provided for community supervision, rather than community placement. See, e.g., former RCW 9.94A.120(5) (sentence for a first-time offender may include up to two years of community supervision). Community supervision was defined as

> a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 16.52.200(6) or 46.61.524. For first-time offenders, the supervision may include crime-related prohibitions and other conditions imposed pursuant to 9.94A.120(5). For purposes of the interstate compact for out-of-state supervision of parolees and probationers, RCW 9.95.270, community supervision is the functional equivalent of probation and should be considered the same as probation by other states.

Former RCW 9.94A.030(7) (1994); former RCW 9.94A.030(7) (1995); see also former RCW 9.94A.030(7) (1992); former RCW 9.94A.030(7) (1993) (earlier former statutes did not refer to RCW 16.52.200).

6

Here, both trial courts sentenced Brown to community placement under former RCW 9.94A.120. Because Brown's crimes were sex offenses that occurred after July 1, 1990, he was subject to former RCW 9.94A.120(8)(b). Former RCW 9.94A.120(8)(b) provided only for community placement. Under the statutory language in place when Brown's criminal acts were committed, he was properly placed in community placement by the trial courts, as opposed to community supervision.

Brown argues that, even if he was properly subject to community placement, the trial courts' attachment of conditions to his community placement transformed it into community supervision. Brown is incorrect. Both courts attached six conditions to Brown's community placement that automatically applied under former RCW 9.94A.120(8)(b), unless waived by the court.[5] Both sentences also prohibited Brown from owning, using, or possessing firearms.[6] The trial courts' inclusion of terms that attach automatically to Brown's community placement unless waived does not convert his community placement into community supervision.[7]

---

[5] PRP App. A at App. H; PRP App. B at 5 ((1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at DOC-approved education, employment and/or community service; (3) not consume controlled substances except pursuant to lawfully issued prescriptions; (4) not unlawfully possess controlled substances while in community custody; (5) pay supervision fees as determined by the DOC; and (6) the residence location and living arrangements are subject to the prior approval of the DOC while in community placement).

[6] The King County Superior Court imposed this restriction under former RCW 9.94A.120(13), which applied to both community placement and community supervision. The Snohomish County Superior Court based its prohibition on RCW 9.41.040, which generally prohibits those convicted of serious offenses from possessing a firearm.

[7] The current SRA imposes *community custody* on offenders rather than *community placement*. RCW 9.94A.030(5). The Washington State legislature has enacted a supplemental sentencing scheme governing crimes committed prior to July 1, 2000 that is read in conjunction with the SRA. RCW 9.94B.010. This supplemental sentencing

## Duration of Community Placement

Brown challenges the duration of his community placement on various grounds. We examine each in turn.

First, Brown argues that the sentence imposed on him exceeds the statutory maximum for his Snohomish County offenses. Specifically, he argues that the addition of a term of community placement to his term of confinement increased his total sentence over the statutory maximum sentence for rape of a child in the second degree. Because the statutory maximum sentence for these crimes is life imprisonment, we disagree.

"[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely v. Washington, 542 U.S. 296, 303, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) (emphasis omitted) (citing Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)). Based on Brown's offender score and his offenses being class A felonies, his Snohomish County offenses carried a standard range of 149 to 198 months. The statutory maximum term was life imprisonment. RCW 9A.44.076; RCW 9A.20.021(a).

Here, the addition of a term of community placement to Brown's sentence did not increase his sentence over the statutory maximum. A jury convicted Brown of three counts of rape of a child in the second degree. The statutory maximum

---

scheme requires courts to "sentence the offender to a term of community placement of two years or up to the period of earned release awarded pursuant to RCW 9.94A.728, whichever is longer, for: (a) An offense categorized as a sex offense committed on or after July 1, 1990, but before June 6, 1996." RCW 9.94B.050(2)(a). This is similar to the language of the statute under which Brown was originally sentenced. See former RCW 9.94A.120(8)(b).

sentence he could have received was life imprisonment. The court imposed confinement of 198 months for each of Brown's offenses, which was the upper end of the standard range. The addition of two years of community placement to Brown's term of 198 months did not increase his sentence over the statutory maximum of life imprisonment.

Brown also argues that the imposition of a total of four years of community placement exceeds the amount of community placement time allowed by the statute. The statute required that the court impose a term of community placement lasting the longer of two years or the period of earned release. Former RCW 9.94A.120(8)(b). As discussed above, Brown's sentences were set to run consecutively. This includes each term of community placement included as part of the sentences. The total of four years of community placement is correctly viewed as two discrete terms of two years, with the second beginning immediately upon the ending of the first. Thus, DOC is properly running Brown's two-year terms of community placement consecutive with one another, for a total term of four years.

Second, Brown argues that the 2009 amendment of the SRA should apply to him to reduce his term of community placement. "Any sentence imposed under [the SRA] shall be determined in accordance with the law in effect when the current offense was committed." RCW 9.94A.345. The 2009 amendment to the SRA was not in effect at the time Brown's acts were committed, and thus is inapplicable to

9

his term of community placement. Therefore, the 2009 amendment of the SRA does not require that Brown's term of community placement be reduced.[8]

Third, Brown argues that the statute in effect when his offenses were committed only provides for the imposition of community placement lasting the longer of two years or the period of earned early release and, therefore, his current term of four years of community placement is erroneous. As discussed above, Brown's sentences, including his terms of community placement, were set to run consecutively. Each two-year term of community placement does not violate the SRA provisions in place when Brown's offenses were committed. His total of four years of community placement, consisting of his two-year terms running consecutively, does not violate the statute under which he was sentenced.

Fourth, Brown argues that DOC is violating the ex post facto clause by extending his term of community placement beyond what was originally imposed. The ex post facto clause is violated when the State punishes conduct that is not punishable when committed or when it increases the amount of punishment. In re Flint, 174 Wn.2d 539, 545, 277 P.3d 657 (2012); U.S. CONST. art. I, § 10; WASH. CONST. art. I, § 23. To bring a successful ex post facto claim, the claimant must show "that the law he is challenging (1) is operating retroactively and (2) increases the quantum of punishment from the level he was subject to on the date of the

---

[8] Even if the 2009 amendment of the SRA applied to Brown, his term of community placement would remain unchanged. The Washington legislature has provided a supplemental sentencing scheme that applies to offenses committed prior to July 1, 2000. Chapter 9.94B RCW. Further, the legislature indicated that the amendment of the SRA "shall not affect the enforcement of any sentence that was imposed prior to August 1, 2009, unless the offender is resentenced after that date." RCW 9.94A.701 (LAWS OF 2008 c. 231 § 55 (see Code Reviser's notes)).

10

crime." State v. Coombes, 191 Wn. App. 241, 251, 361 P.3d 270 (2015), review denied, 185 Wn.2d 1020, 369 P.3d 500 (2016).

Here, Brown's right against ex post facto punishment is not being violated. The Snohomish County Superior Court explicitly stated that its sentence would run consecutively with Brown's King County sentence. Both included two-year terms of community placement. Brown's sentence has not been changed or increased since it was originally imposed. Brown cannot satisfy the first prong of an ex post facto claim because no statute is being applied to him retroactively. Therefore, DOC is not infringing Brown's rights under the ex post facto clause by running his terms of community placement consecutively.[9]

Fifth, Brown argues that, in conjunction with his ex post facto clause argument, the doctrine of constitutional avoidance should apply to reduce his term of community placement. Specifically, he contends that the plain meaning of the community placement statute requires that his term of community placement be reduced in order to avoid constitutional doubts.

Courts construe statutes to avoid constitutional doubt while also taking the stated intent of the statutory scheme as a whole into account. Utter v. Building Indus. Ass'n of Wash., 182 Wn.2d 398, 434-35, 341 P.3d 953 (2015).

Brown's argument does not have merit. As discussed above, the statute in effect when Brown's underlying offenses were committed required the trial court to impose community placement lasting the longer of two years or the applicable

_____

[9] In an affidavit, Brown claims that he has been told by his prison counselor, Steven Sager, that Brown must serve all four years of his community placement because of the 2009 amendment of the SRA. This statement is inaccurate, and it is insufficient to support Brown's ex post facto clause argument.

period of earned release. Brown has not raised a constitutional doubt implicated by the statute other than his ex post facto clause argument. Because that argument did not have merit and he does not offer a different constitutional ground to challenge the statute, the doctrine of constitutional avoidance does not require that his sentence be reduced.

Brown also appears to argue that the statute we should be interpreting is the 2009 amendment to the SRA. As discussed above, the 2009 amendment of the SRA is irrelevant in analyzing whether Brown's term of community placement is proper because it was not in effect when his offenses were committed. We need not interpret it further.

In sum, the Snohomish County Superior Court explicitly sentenced Brown to serve his Snohomish County sentence consecutive to his King County sentence, both of which included terms of community placement under former RCW 9.94A.120(8)(b). Under the former statute, each of Brown's community placement terms were the longer of two years or the applicable period of earned release. He has not argued that the two-year terms were improperly calculated. Because Brown's sentences were set to run consecutively and community placement terms were properly imposed on him, DOC is not infringing Brown's federal constitutional rights or his rights under Washington law by running his community placement terms consecutively.

We deny the petition.

_Trickey, J_

WE CONCUR:

_____

_Appelwick, J_

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2011 APR 17 AM 9: 42