[Nos. 26567-9-I; 26568-7-I;   Division One.   December 2, 1991.]
    26569-5-I.

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD EMERSON MOORE, ET AL, *Defendants,* JEFFREY TODD EVANS, *Appellant.*

*Theresa B. Doyle* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

COLEMAN, J. — Jeffrey Evans appeals the sentence entered against him for one count of assault in the second degree. He contends that the trial court erred by imposing that sentence consecutively with the sentences imposed at the same hearing for two prior felony convictions unrelated to the assault. We affirm.

On January 14, 1987, Evans was convicted of two separate charges of second degree burglary in King County Superior Court. Despite the issuance of at least three bench warrants requiring Evans to appear for sentencing on those convictions, Evans failed to appear. Consequently, no sentences were entered.

On May 2, 1990, Evans was found guilty in King County Superior Court of one count of second degree assault.[1] At the subsequent sentencing hearing on June 22, 1990, the

---

[1] Evans committed the assault on January 26, 1990.

two unsentenced burglary convictions were brought before the court along with the assault conviction. The court first imposed concurrent sentences for the burglary convictions and then expressly ordered the sentence for the assault conviction to run consecutively to the burglary sentences. Evans appeals.

We are asked to decide whether RCW 9.94A.400(1)(a) or (3) governs a situation in which a defendant failed to appear for sentencing for two 1987 felony convictions, and more than 3 years later is brought before the same court for sentencing on those 1987 convictions plus an unrelated 1990 felony conviction.

The pertinent subsections of former RCW 9.94A.400 read as follows:

> (1)(a) Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score[.] . . . Sentences imposed under this subsection shall be served concurrently. Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(e) or any other provision of RCW 9.94A.390. . . .
>
> . . . .
>
> (3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not under sentence of a felony, the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

Former RCW 9.94A.400(1)(a), (3).

Evans argues that RCW 9.94A.400(3) does not apply to his situation for two reasons. First, he contends that the Legislature could not have intended the statutory language "by any court" to include the current sentencing court but, instead, intended it to refer to an already existing sentence that had been imposed in a different jurisdiction. As support, Evans cites the statutory comment which reads:

*Under the SRA, a sentencing judge must impose concurrent sentences. There are two exceptions to this policy: under subsection (b) [of RCW 9.94A.400(1)], a person convicted of three or more serious violent offenses arising from separate and distinct criminal conduct must be sentenced consecutively . . . and under subsection (3) [of the same statute], the sentencing judge may expressly order that the sentence be served consecutively to sentences already imposed in other jurisdictions.*

(Underscoring ours.) Washington Sentencing Guidelines Comm'n, *Sentencing Guidelines Implementation Manual* § 9.94A.400 comment, at II-53 (1988).

■ The underscored portion of the comment, however, does not track the plain language of the statute. The pertinent language of RCW 9.94A.400(3) reads: "the sentence shall run concurrently with any felony sentence which has been imposed *by any court in this or another state or by a federal court*[.]" (Italics ours.) RCW 9.94A.400(3). That language does not require the prior felony sentence to have been imposed in a jurisdiction different than that of the sentencing court. Although subsection (3) will often apply in cases in which the defendant has committed a series of crimes in more than one jurisdiction (*see In re Caley*, 56 Wn. App. 853, 857, 785 P.2d 1151 (1990) (citing D. Boerner, *Sentencing in Washington* app. I, at I-30 (1985))), the subsection is not necessarily restricted to those circumstances.

■ Further, the phrase "any court" is not ambiguous as Evans argues. It includes all courts. Clear statutory language does not require judicial interpretation. *State v. Kern*, 55 Wn. App. 803, 807, 780 P.2d 916 (1989).

■■ In the present case, Evans committed the felony of second degree assault before he was "under sentence" for the two 1987 felony convictions, a situation to which RCW 9.94A.400(3) applies. The trial court expressly ruled that the sentence for the assault conviction would run consecutively with the sentences for the burglary convictions, consistent with the requirements of subsection (3). In effect, the trial court merely completed the overdue task of sentencing Evans for the 1987 burglary convictions and then proceeded to sentence Evans for the 1990 assault conviction.

Nothing in RCW 9.94A.400 precluded the trial court from doing so.[2]

Evans's second argument against applying RCW 9.94A-.400(3) is that RCW 9.94A.400(1)(a) controls because all three felony convictions were sentenced during the same hearing and, thus, were current offenses pursuant to subsection (1)(a). Evans concludes that because the court did not specify any basis for an exceptional sentence which would permit the court to impose a consecutive sentence under subsection (1)(a), all three sentences should have been made to run concurrently.

Neither party attempts to define the term "current offenses" for purposes of subsection (1)(a).[3] The State, however, argues that the unique facts of this case require that the trial court be able to exercise its discretion under subsection (3) and impose the assault sentence to run consecutively with the sentences for the burglary convictions.

We agree. Evans absconded to avoid sentencing on the 1987 convictions.[4] By doing so, he prevented those sentences from being entered when they normally would have been. This situation differs, consequently, from one in which multiple independent charges in a single jurisdiction are pending against a defendant due to routine delays in sentencing

---

[2]This conclusion is consistent with the recent opinion of *In re Long*, 117 Wn.2d 292, 815 P.2d 257 (1991) in which the Supreme Court, while construing RCW 9.94A.400(2) and (3), interpreted the language "any felony sentence *which has been imposed*" in the latter subsection to be "a past event" or "a past sentence." *Long*, at 303, 304. The trial court in the present case simply effectuated what would have been done in the originally scheduled sentencing hearing if Evans' misconduct had not prevented that hearing from taking place.

[3]RCW 9.94A.360(1), not mentioned by either party, states:

"A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. *Convictions entered or sentenced on the same date as the conviction for which the offender score is being computed shall be deemed "other current offenses" within the meaning of RCW 9.94A.400.*" (Italics ours.)

[4]Evans admitted during the 1990 sentencing hearing that he had committed the two burglaries and "didn't come to court that one time [apparently referring to the sentencing hearing for the burglary convictions]. It had somewhat slipped my mind and scared me also."

and are sentenced at the same hearing. To order the 9-month sentence for the assault conviction to run concurrently with the 18-month burglary sentences would in effect reward Evans for evading the punishment for the burglary convictions. This could not have been the Legislature's intent when it created the presumption of concurrent sentences in subsection (1)(a). *See State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987) ("Statutes should be construed to effect their purpose and unlikely, absurd or strained consequences should be avoided."); *State v. Curwood*, 50 Wn. App. 228, 231, 748 P.2d 237 (1987).

Clearly, we would not countenance a prosecutor's action of deliberately scheduling sentencing hearings for a defendant's multiple convictions in such a way as to avoid the presumption of concurrent sentences under the provisions of the Sentencing Reform Act of 1981. Here, however, Evans directly caused the sentencing delay for the burglary convictions. Given those circumstances, the trial court acted within the discretion afforded by subsection (3) by expressly ordering the assault sentence to run consecutively with the burglary sentences.

The judgment of the trial court is affirmed.

GROSSE, C.J., and FORREST, J., concur.