2011 UT App 140

**Seini MOA, Plaintiff and Appellant,**

v.

**Travis EDWARDS, Defendant and Appellee.**

**No. 20100067–CA.**

Court of Appeals of Utah.

May 5, 2011.

Petition for Writ of Certiorari Denied Aug. 31, 2011.

---

Jay L. Kessler, Magna, for Appellant.

Joseph J. Joyce, Ryan J. Schriever, and Resh T. Jefferies, South Jordan, for Appellee.

Before Judges THORNE, VOROS, and CHRISTIANSEN.

MEMORANDUM DECISION

CHRISTIANSEN, Judge:

¶ 1 Plaintiff Seini Moa argues on appeal that the trial court erred when it excluded testimony of certain witnesses, who would have testified as either treating medical providers or expert witnesses (collectively, the witnesses), and when it refused to continue the trial date to allow further discovery regarding the witnesses. Additionally, Moa challenges the jury's apportionment of fault. We affirm.

¶ 2 Although she acknowledges that she disclosed the witnesses after the dead-

lines had passed to disclose both fact and expert witnesses, Moa argues that the trial court erred in excluding the witnesses because the court did not find that Moa's late designation constituted "willfulness, bad faith, ... fault, or persistent dilatory tactics frustrating the judicial process" (collectively, willfulness), *Welsh v. Hospital Corp.*, 2010 UT App 171, ¶ 9, 235 P.3d 791 (omission in original) (internal quotation marks omitted). However, Moa did not argue to the trial court that it was required to determine that her actions were willful,[1] and thus, she may not raise the issue for the first time on appeal. *See In re E.R.*, 2001 UT App 66, ¶ 9, 21 P.3d 680. Moa was required to preserve the issue by presenting it "to the trial court in such a way that the trial court ha[d] an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (internal quotation marks omitted); *see also id.* ("For a trial court to be afforded an opportunity to correct the error (1) the issue must be raised in a timely fashion[,] (2) the issue must be specifically raised[,] and (3) the challenging party must introduce supporting evidence or relevant legal authority." (alterations in original) (internal quotation marks omitted)). Because Moa did not specifically argue this issue to the trial court, the trial court was not provided a chance to correct that error during "the course of the proceeding." *See id.* Therefore, Moa has not preserved her issue for appeal. *See Lunt v. Lance*, 2008 UT App 192, ¶¶ 23–24, 186 P.3d 978 (holding that the trial court did not have the opportunity to address the asserted error and therefore the error may not be argued on appeal).

¶ 3 Furthermore, Moa did not object to the alleged inadequacy of the trial court's order. *See In re K.F.*, 2009 UT 4, ¶ 60, 201 P.3d 985 (reaffirming the holding in *438 Main Street v. Easy Heat, Inc.*, 2004 UT 72, 99 P.3d 801, and reiterating that "a plaintiff 'waive[s] any argument regarding whether the district court's findings of fact were sufficiently detailed' when the plaintiff fails to challenge the detail, or adequacy, of the findings with the district court" (alteration in original) (quoting *438 Main St.*, 2004 UT 72, ¶ 56, 99 P.3d 801)). On appeal, Moa argues that the trial court erred in excluding the witnesses because it did not find that Moa willfully waited until after the discovery cutoff date to designate the witnesses. *See generally Welsh*, 2010 UT App 171, ¶ 9, 235 P.3d 791. However, Moa never objected to the trial court's failure to make such a finding at the trial court level. Therefore, because she did not give the trial court the opportunity to correct any inadequacy, she has waived this argument on appeal. *See In re K.F.*, 2009 UT 4, ¶ 64, 201 P.3d 985.

¶ 4 Moreover, even if Moa had preserved her willfulness argument and objected to the inadequacy of the trial court's order, Moa has not convinced us that the trial court must find that she willfully failed to comply with court-imposed deadlines in order to exclude her undisclosed witnesses from testifying pursuant to rules 16 and 37 of the Utah Rules of Civil Procedure.[2] *See* Utah R. Civ.

---

1. Because Moa has not provided a transcript of the hearing on this motion, she cannot establish that she preserved the issue by arguing it during the hearing before the trial court. And because she clearly did not preserve the issue in her filings with the trial court, the issue was not properly preserved for appeal. *See State v. Litherland*, 2000 UT 76, ¶ 11, 12 P.3d 92 ("If an appellant fails to provide an adequate record on appeal, this Court must assume the regularity of the proceedings below." (internal quotation marks omitted)); *see also* Utah R.App. P. 11(e)(2).

2. We recognize that Utah courts have long held that before a trial court can dismiss a party's action, enter a default judgment against a party, or dismiss claims as a sanction for disobeying a court's order compelling discovery, the court must determine that the party's actions constituted willfulness. *See Morton v. Continental Baking Co.*, 938 P.2d 271, 273–74 (Utah 1997) (affirming dismissal of action for failure to respond after the trial court granted a motion to compel discovery); *Utah Dep't of Transp. v. Osguthorpe*, 892 P.2d 4, 8 (Utah 1995) (affirming the trial court's entry of a default judgment as a sanction for failing to comply with a court order compelling discovery); *First Fed. Sav. & Loan Ass'n v. Schamanek*, 684 P.2d 1257, 1260–61, 1266 (Utah 1984) (affirming the trial court's decision to strike the defendant's answer, which resulted in a default judgment, when the defendant continually refused to respond after the court entered an order compelling discovery); *Preston & Chambers, P.C. v. Koller*, 943 P.2d 260, 263 (Utah Ct.App.1997) (affirming dismissal of counterclaims for party's failure to comply with court

P. 16(d) ("If a party or a party's attorney fails to obey a scheduling or pretrial order, ... the court, upon motion or its own initiative, may take any action authorized by Rule 37(b)(2)."); *id.* R. 37(b)(2)(B)-(C) ("If a party fails to obey an order entered under Rule 16(b) ... unless the court finds that the failure was substantially justified, the court in which the action is pending may take such action in regard to the failure as are just, including ... prohibit[ing] the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; [or] ... dismiss[ing] the action or proceeding or any part thereof ...."); *cf. Griffith v. Griffith,* 1999 UT 78, ¶ 20, 985 P.2d 255 (affirming, without discussing willfulness, the trial court's exclusion of a witness when the witness was designated after the deadline); *Boice v. Marble,* 1999 UT 71, ¶¶ 10–11, 982 P.2d 565 (determining, without analyzing willfulness, that the trial court erred in not allowing a substitute expert witness to be designated because justice and fairness required otherwise); *DeBry v. Cascade Enters.,* 879 P.2d 1353, 1361 (Utah 1994) (determining, without analyzing willfulness, that the trial court did not abuse its discretion in excluding expert witnesses that were not designated before the deadline).

¶ 5 Nevertheless, even if the trial court was required to make a finding of willfulness, the facts of this case clearly support such a finding. *See Welsh,* 2010 UT App 171, ¶ 12, 235 P.3d 791 ("[A] trial court need not specifically state that willfulness, bad faith, fault, or persistent dilatory tactics are present to impose sanctions under rule 37(b)(2). We will affirm so long as 'the findings appear in the lower court's opinion or elsewhere to sufficiently indicate the factual basis for the ultimate conclusion.' " (citations omitted)); *id.* ("The willfulness standard in this context is low. Wil[l]fulness has been interpreted to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.' " (quoting *Utah Dep't of Transp. v. Osguthorpe,* 892 P.2d 4, 8 (Utah 1995))). The evidence showed that Moa waited until August 2009, three months before trial, to attempt to designate the witnesses, despite having numerous prior opportunities to do so. Although it is true that the witnesses did not start treating Moa until after both the fact and the expert witness designation deadlines, she first saw one of the witnesses a week before the expert witnesses' disclosures were due and a month before the discovery deadline, and yet did not notify opposing counsel of her visit or request that the discovery cut-off be extended to accommodate this additional course of treatment. Even though Moa had been examined by most of the witnesses before defendant Travis Edwards certified that he was ready for trial, she did not object to that certification or notify opposing counsel or the court that she was being treated or seeking additional medical care. Indeed, by the time the court held the April 28, 2009 scheduling conference to set the trial date, Moa had failed to advise the court or opposing counsel of these new witnesses, ask that Edwards's certificate of readiness be rescinded, or seek a continuance of the pretrial hearing, even though Moa had already seen all of the medical providers she later attempted to designate. Because clear evidence existed that supports a willfulness determination, the trial court did not abuse its discretion in excluding the witnesses.[3]

¶ 6 Finally, Moa argues that the jury incorrectly determined that her hus-

---

order to designate an expert witness); *Amica Mut. Ins. Co. v. Schettler,* 768 P.2d 950, 953, 955, 962 (Utah Ct.App.1989) (affirming the trial court's entry of default against Schettler "for failing to comply with the court-ordered discovery"). However, in this case, the trial court's exclusion of the witnesses' testimony was not a sanction based on an order compelling discovery, and it did not result in dismissal of Moa's action. Rather, the exclusion of the witnesses was intended to allow the lawsuit to proceed without delay and without prejudice to defendant Travis Edwards.

**3.** Because the trial court did not abuse its discretion in excluding the expert witnesses, we will not address the merits of Moa's argument that the trial court abused its discretion in not granting a continuance to allow for discovery for the expert witnesses. *See generally Layton City v. Longcrier,* 943 P.2d 655, 659 (Utah Ct.App.1997) ("A party claiming denial of a continuance was an abuse of discretion must show the trial court's decision was 'an unreasonable action' that prejudiced the party." (citation omitted)).

band, the driver of the car at the time of the accident, was eighty percent liable for the accident, which resulted in Moa's award against Edwards being reduced by eighty percent. As a general principle, "[t]he jury is entrusted to resolve all relevant questions of fact presented to the court. The questions of fact include findings of negligence, apportionment of fault, witness credibility and the weight and inferences to be drawn from the evidence." *Little Am. Refining Co. v. Leyba,* 641 P.2d 112, 114 (Utah 1982). A jury verdict will not be disturbed if it is supported by the evidence. *See Utah Dep't of Transp. v. Jones,* 694 P.2d 1031, 1033 (Utah 1984); *see also DeBry,* 879 P.2d at 1360 ("[T]he jury was not bound under the law to accept the plaintiffs' evidence ... or even to view that evidence in the light most favorable to the plaintiffs' case.").

¶7 The jury could have reasonably determined, based upon the evidence presented at trial, that Moa's husband was at least partially responsible for the accident when he sped up and entered the intersection when the light was yellow. In addition, the fact that the vehicle driving in the lane next to Moa stopped rather than proceeding through the intersection supports a determination that a reasonable driver would have stopped. Importantly, because Moa's husband's testimony at trial was inconsistent, the jury reasonably found his version of events leading up to the accident incredible. Because evidence exists to support the apportionment of fault, this court will not disturb the jury verdict. *See Jones,* 694 P.2d at 1033.

¶8 Affirmed.

¶9 WE CONCUR: WILLIAM A. THORNE JR., Judge, and J. FREDERIC VOROS JR., Judge.