**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE___JUL 1 8 2013

_____
for____CHIEF JUSTICE

This opinion was filed for record
at _8:00 a.m._ on _July 18, 2013_

_____
Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>LORRAINE K. NETHERTON,<br><br>Petitioner. | NO. 8 3 9 2 5 - 5<br>(consolidated with No. 84035-1)<br><br>EN BANC<br><br>Filed: ⌐JUL 1 8 2013 |

PER CURIAM—Lorraine Netherton was convicted of second degree murder. The trial court erroneously imposed a firearm sentence enhancement based on the jury's "deadly weapon" finding. Because one or more of her appellate counsel misapprehended who was representing Netherton at a critical stage of her direct appeal, Netherton lost the opportunity to obtain reversal of the firearm enhancement under *State v. Recuenco*, 163 Wn.2d 428, 180 P.3d 1276 (2008) (*Recuenco* III), and *State v. Williams-Walker*, 167 Wn.2d 889, 901-02, 225 P.3d 913 (2010). We reverse the Court of Appeals on the basis of ineffective assistance of appellate counsel and remand to the trial court for resentencing.

## FACTS

In 1993, a jury convicted Netherton of second degree murder, additionally finding by special verdict that Netherton was armed with a "deadly weapon" when she

committed the crime. The trial court imposed a firearm sentence enhancement based on that finding.

Netherton's direct appeal was extended for many years due to the changing legal landscape concerning sentence enhancements. The Court of Appeals initially reversed the firearm enhancement in light of *State v. Recuenco*, 154 Wn.2d 156, 110 P.3d 188 (2005) (*Recuenco* I), where we held that imposing a firearm enhancement based on a deadly weapon verdict constituted reversible error. *State v. Netherton*, noted at 131 Wn. App. 1030 (2006). We granted the State's petition for review and remanded to the Court of Appeals for reconsideration in light of *Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (*Recuenco* II), which partly reversed *Recuenco* I and remanded to this court to determine whether the error was harmless under state law. *State v. Netherton*, 158 Wn.2d 1006 (2006).

On remand, the Court of Appeals did not stay Netherton's appeal pending this court's decision on remand in *Recuenco*. The court also did not ask for supplemental briefing on *Recuenco* II. Furthermore, Netherton's counsel in the Court of Appeals and her counsel in this court apparently did not confer on the status of Netherton's appeal in light of the ongoing *Recuenco* litigation, evidently because one or both of them thought they were no longer working on the case.

The Court of Appeals ultimately reversed its original decision in Netherton's case in light of *Recuenco* II, holding that imposition of a firearm enhancement based on the jury's deadly weapon finding was harmless error. *State v. Netherton*, noted at 136 Wn. App. 1021 (2006). Netherton did not file a petition for review, and the Court of Appeals issued its mandate in February 2007.

In January 2008, Netherton filed a timely personal restraint petition in the Court of Appeals, reasserting her challenge to the firearm enhancement and arguing

among other things that appellate counsel was ineffective in not briefing the issues then pending before this court in the *Recuenco* case and in failing to advise her to file a petition for review. This court issued its final decision in *Recuenco* three months later, holding that imposition of a firearm enhancement when only a deadly weapon has been charged and found by the jury can never be harmless. *Recuenco* III, 163 Wn.2d 428.

The Court of Appeals ultimately dismissed Netherton's personal restraint petition as frivolous, holding that the firearm enhancement was sustainable despite *Recuenco* III and that therefore appellate counsel was not ineffective. Netherton, with the assistance of new counsel, then filed the current motion for discretionary review in this court.[1] While Netherton's motion was pending, this court elaborated on the principles announced in *Recuenco* III, holding that imposition of a firearm enhancement based on a jury's deadly weapon finding is reversible even when the State alleged a firearm enhancement in the information and the jury was instructed on the use of a firearm. *Williams-Walker*, 167 Wn.2d at 901-02.

We granted Netherton's motion for discretionary review only on the issue of whether appellate counsel was ineffective with respect to the firearm enhancement and referred the matter to the superior court for an evidentiary hearing. The superior court appointed counsel to represent Netherton, and after the hearing, the court entered findings of fact and relayed them to this court.

---

[1] Netherton also filed a motion for discretionary review of a Court of Appeals order denying her motion to have a panel of judges review her personal restraint petition. Mot. for Discretionary Review, *In re Pers. Restraint of Netherton*, No. 84035-1 (Dec. 4, 2009). That motion for discretionary review was consolidated under this motion for discretionary review.

ANALYSIS

To prevail on a claim of ineffective assistance of appellate counsel, Netherton must demonstrate the merit of any legal issue appellate counsel raised inadequately or failed to raise and also show she was prejudiced. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 314, 868 P.2d 835 (1994). Netherton's challenge to her firearm enhancement would have been meritorious under *Recuenco* III, 163 Wn.2d 428, and *Williams-Walker*, 167 Wn.2d 889, had the issue been preserved before her judgment became final in 2007. It was not. The Court of Appeals did not stay her appeal pending *Recuenco* III, and counsel did not move for a stay or urge Netherton to file a petition for review after the Court of Appeals affirmed the firearm enhancement. Thus, Netherton can no longer rely directly on *Recuenco* III and *Williams-Walker* because both decisions were issued after her judgment and sentence became final, and neither is retroactively applicable to previously final judgments. *In re Pers. Restraint of Eastmond*, 173 Wn.2d 632, 272 P.3d 188 (2012); *In re Pers. Restraint of Jackson*, 175 Wn.2d 155, 161, 283 P.3d 1089 (2012).

The superior court on referral from this court found that the failure to preserve the firearm enhancement issue for further appellate review was primarily caused by a misunderstanding as to who represented Netherton after this court remanded the case to the Court of Appeals. That misunderstanding effectively left Netherton unrepresented in the Court of Appeals. If experienced counsel was actively working on the appeal at that stage, Netherton would have moved for a stay in the Court of Appeals pending *Recuenco* III, which the Court of Appeals likely would have granted. And had the appeal been stayed, the Court of Appeals likely would have decided the case in light of *Recuenco* III to Netherton's benefit.

But even if the Court of Appeals would not have reversed the firearm enhancement under *Recuenco* III, we are confident Netherton would have sought review of the decision in this court. Because Netherton's petition for review would have coincided with our consideration of *Williams-Walker*, we likely would have stayed Netherton's case pending that decision, and under that decision, she would have been entitled to relief. In these unusual circumstances, Netherton has demonstrated that she was prejudiced by appellate counsel's failure to assist her in preserving the firearm enhancement issue pending *Recuenco* III and *Williams-Walker*.

The Court of Appeals is reversed and the case is remanded to the trial court with directions to vacate the firearm enhancement and resentence Netherton in accordance with this opinion.[2]

---

[2] Netherton is indigent. Her motion for appointment of counsel in this court is granted by separate order. RAP 16.15(h); RAP 15.4.